UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| YOLANDA ROY | CIVIL ACTION NO. 07-0482 |
| VS. | JUDGE HAIK |
| OPTIMA BATTERIES, INC.<br>GENERAL MOTORS CORP. | MAGISTRATE JUDGE METHVIN |

## RECOMMENDATION OF DISMISSAL

Pro se plaintiff Yolanda Roy has failed to comply with several court orders, and failed to appear at a show cause hearing on April 2, 2008. On March 5, 2008, defendant General Motors Corporation filed a Motion to Dismiss Due to Plaintiff's Failure to Comply.[1] Plaintiff does not oppose the motion.[2]

For the reasons set forth below, the undersigned recommends that Roy's claims be dismissed with prejudice for failure to prosecute under Rule 41(b), and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C). Alternatively, should the court wish to dismiss the claims without prejudice, re-filing of the claims should be conditioned upon the payment of costs and attorney's fees incurred by General Motors in filing the motion to dismiss.

---

[1] Rec. Doc. 33.

[2] Local Civil Rule 7.5W requires that any response be filed within 15 days after service of the motion. Federal Rule of Civil Procedure 6(e) allows an additional three days where service is made by mail. The instant motion was filed on March 5, 2008, and therefore the opposition was due on March 23, 2008. To date, no opposition has been filed.

2

*Background*

On March 9, 2007, plaintiff, Yolanda Roy, appearing through counsel, filed a negligence claim against the defendants in state court. The case was removed to federal court based on diversity jurisdiction.

On January 11, 2008, the court granted a motion to withdraw filed by plaintiff's attorney.[3] Plaintiff was given until February 11, 2008 to either enroll new counsel or to notify the court that she would proceed *pro se*. Plaintiff failed to respond to the order.

On February 19, 2008, the undersigned issued an order requiring plaintiff to show cause, in writing, why she failed to comply with the previous court order.[4] Plaintiff failed to respond to the order.   On March 11, 2008, the undersigned issued a second Notice of Failure to Comply and Order.[5] This order required plaintiff to appear in open court on April 2, 2008, at 10:00 a.m. and show cause why sanctions should not be imposed for her failure to comply with the court's orders. Plaintiff was explicitly warned that "a failure to comply with this order will warrant the imposition of the sanctions authorized by F.R.CIV.P. 16(F), including possible recommendation of dismissal of this action."[6] Plaintiff failed to appear at the show cause hearing. General Motors waived its appearance.

---

[3] Rec. Doc. 27.

[4] Rec. Doc. 32.

[5] Rec. Doc. 35.

[6] Rec. Doc. 35. Emphasis omitted.

3

*Legal Analysis*

Rule 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

> In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Under Rule 37(b)(2)(C) the district court is specifically authorized to dismiss a claim. F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir.1994). Rules 16 and 37 set forth the court's discretionary power to control the expeditious disposition of docketed cases. Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.TX. 1998).

In addition, Fed.R.Civ.P. 41(b) authorizes dismissal of a claim with prejudice for failure to prosecute. Such dismissal may be pursuant to a defense motion or upon the court's own motion. Colle v. Brazos County, Texas, 981 F.2d 237, 242-243 (5th Cir.1993), *citing* Lopez v. Aransas County Ind. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). The authority for such dismissal is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188,

4

1190 (5th Cir.1992); Colle, 981 F.2d at 242-243. The decision of the Court must be upheld on appeal unless it can be said that the court abused its discretion. Colle, supra.

Dismissal with prejudice for failure to prosecute is an extreme sanction, to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefits. Berry, 975 F.2d at 1191; Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir.1982). Dismissal with prejudice is appropriate only where: (1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) the court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the court employed lesser sanctions which proved to be futile. Colle, 981 F.2d at 237. In most cases, where the Fifth Circuit affirmed dismissal with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. Id.

As detailed above, the plaintiff has failed to comply with court orders, even after several chances to comply. The failure to prosecute, and the delay caused thereby, were due to plaintiff's inaction and were not the fault an attorney. The record shows that copies of all orders were mailed to plaintiff at her address of record and they were not returned. The court must assume that plaintiff's failure to comply with the several orders in question was an intentional act. There is nothing to indicate that plaintiff's refusal to prosecute is unintentional or accidental.

5

*Conclusion*

In light of the foregoing, the undersigned **RECOMMENDS** that General Motors' Motion to Dismiss be **GRANTED** and that plaintiff's claims against all defendants be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Rule 41(b) and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C).

**ALTERNATIVELY,** in the event the court wishes to dismiss *without prejudice*, it is recommended that any leave to re-file the claims be conditioned upon plaintiff's payment sanctions, specifically, the costs and attorneys' fees incurred by General Motors in filing the Motion to Dismiss. If necessary in the future, counsel for General Motors may be required to file an affidavit of costs and expenses incurred in filing the Motion to Dismiss, in order for an exact amount of sanctions to be included in the record.

*Objections*

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.  See**

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on April 3, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)